United States District Court
Southern District of Texas
**ENTERED**
February 22, 2022
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

| | | |
|---|---|---|
| United States of America, | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | Case No. 4:20-cr-281 |
| | § | |
| Jonathan Terek Nassar, | § | |
| | § | |
| *Defendant*. | § | |

## <u>ORDER REVOKING BOND</u>

Pending before the Court is the Government's Petition for Action on Conditions of Pretrial Release. ECF. No. 28. The Court held a video hearing on the Petition on February 14, 2022, and found that Defendant violated conditions of release, and is unlikely to abide by any conditions of release. *See* Bail Reform Act, 18 U.S.C. §§ 3148(b)(1)(B) and (b)(2)(B). AUSA Jay Hileman, CJA attorney Mary Conn, and Probation Officer Kathleen Lee attended the hearing. Defendant was present by video, having waived an in-person appearance. The uncontroverted facts at the hearing established the following:

On June 11, 2020, the Court held a detention hearing and decided to release Defendant on bond. A bond hearing was held on June 12 and Defendant was released on June 15. ECF Nos. 6, 7. At the bond hearing, Defendant was instructed on the conditions of his release, which included not committing any new law violations, participating in outpatient or inpatient drug and mental health therapy

as determined by probation, wearing a GPS location monitor, and abiding by a curfew. On June 23, 2020, the bond conditions were modified to require inpatient treatment for 90 days. ECF No. 8.

On August 13, 2020, and then on January 8, 2021, his probation officer filed a petition and a superseding petition for action on conditions of pretrial release, complaining that Defendant had violated the conditions of release. ECF Nos. 15, 19. Specifically, he was arrested on state domestic violence charges. ECF No. 19. In addition, Defendant removed his GPS ankle monitor and left the treatment facility without permission. *Id.* Defendant did not contact his probation officer after he left the facility. *Id.* On April 1, 2021, this Court held a bond revocation hearing. The Government showed that on August 12, 2020, Defendant left the drug treatment facility without permission and did not return. ECF No. 24. He removed his GPS monitor and never contacted his probation officer again. *Id.* On December 10, 2020, the Defendant was arrested for domestic assault and charged in Fort Bend County Court. *Id.* He pled guilty and was sentenced to 60 days. *Id.* Based on the evidence presented and argument of counsel for Defendant, the Court found the violations to be true but did not revoke the bond. Instead, the Court instructed Defendant on the necessity to follow the conditions of his release.

After that hearing, Defendant continued to violate the conditions of his release. ECF No. 28. On April 18 & 19, 2021, Defendant used debit cards issued

to another without that person's authorization. *Id.* Fort Bend County issued a warrant for his arrest which remained outstanding at the time of the probation officer's most recent petition. *Id.* In addition, on May 13, 2021, Defendant failed to return home by his curfew. *Id.* Defendant told his probation officer that he was sick and staying on a hotel but did not supply the requested supporting documentation. *Id.* On May 14, 2021, Defendant cut off his GPS monitor and failed to answer his probation officer's calls or texts. His probation officer filed a petition with the court to revoke Defendant's release. *Id.*

At the revocation hearing on February 14, 2022, a Postal Inspector testified about an investigation into bank fraud. A man and woman opened accounts at a bank in Houston in the names of two victims whose IRS refund checks had been stolen. The checks were deposited into the account and money withdrawn. Defendant and his girlfriend were captured on camera at the bank making the transactions. The victims said that they had not given Defendant permission to cash their IRS refund checks. The Postal Inspector identified Defendant.

Defendant's probation officer testified as to Defendant's various violations of the conditions of his release, including leaving the treatment facility without permission, cutting off his GPS monitor, committing a new law violation by using someone's debit card without that person's permission, and committing a new law violation assaulting his girlfriend. Defendant was subsequently convicted on both

the debit card and assault charge. She further testified that probation has had no contact with Defendant since Mary 13, 2021. She also testified that there are no drug treatment programs that would house Defendant under lockup. He would be able to leave any of the facilities as he had previously done. The Pretrial Services Report showed Defendant's criminal background. The government introduce 7 exhibits: the complaint, PTS report, Jourdanton police report, Stafford police report, Fort Bend County judgment for assault, Fort Bend County judgment for credit card abuse, and docket sheet for Defendant's failure to appear in court at his re-arraignment before Judge Hughes.

Revocation of supervised release is governed by 18 U.S.C. § 3148. Pursuant to 18 U.S.C. § 3148(b)(1)(B), the court finds by clear and convincing evidence that Defendant has violated the terms of his pretrial release. He has repeatedly left treatment facilities without permission, cut off his GPS monitor, failed to contact probation, and committed new law violations while on release. Based on the evidence presented as summarized in this order and as stated on the record, the Court finds, pursuant to 18 U.S.C. § 3148(b)(2)(B), that Defendant is unlikely to abide by any condition or combination of conditions of release. Therefore, the Government's Petition is **GRANTED**, Defendant's bond is hereby **REVOKED** and the Marshal is **ORDERED** to detain Defendant in custody for proceedings before U.S. District Judge Lynn Hughes.

Signed on February 21, 2022, Houston, Texas.


_____

Dena Hanovice Palermo
United States Magistrate Judge